UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
RONNIE COLE,                              :
                                          :
                    Plaintiff,            :
                                          :    07 Cv. 11096 (BSJ)
          v.                              :
                                          :    **MEMORANDUM ORDER**
THE NEW YORK STATE DEPARTMENT             :
OF CORRECTIONAL SERVICES                  :
COMMISSIONER BRIAN FISCHER,               :
SUPERINTENDENT ROBERT ERCOLE,             :
LIEUTENANT KEVIN LaPORTO,                 :
SERGEANT P. TROWBRIDGE,                   :
CORRECTION OFFICER G. LEHOYSKI,           :
CORRECTION OFFICER JOHN D.                :
HALICKI, AND DIRECTOR DONALD              :
SELSKY, INDIVIDUALLY AND IN               :
THEIR OFFICIAL CAPACITIES,                :
AND THE "NEW YORK STATE                   :
DEPARTMENT OF CORRECTIONAL                :
SERVICES ETC., AL.,"                      :
                                          :
                    Defendants.           :
------------------------------------------x

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

    By Order dated March 20, 2009, Magistrate Judge Kevin Nathaniel Fox denied Cole's requests for leave to file a Second Amended Complaint and for sanctions against defendants The New York State Department of Correctional Services Commissioner Brian Fischer, Superintendent Robert Ercole, Lieutenant Kevin LaPorto, Sergeant P. Trowbridge, Correction Officers G. Lehoyski and John D. Halicki, Director Donald Selsky, and the "New York State Department of Correctional Services etc., al." (collectively, "Defendants"). On March 31, 2009, Cole filed an

1

objection to Magistrate Judge Fox's Order pursuant to Federal Rule of Civil Procedure 72(b). The Court reviews Cole's requests *de novo*. For the reasons that follow, the Court DENIES Cole's requests for leave to file a Second Amended Complaint and for sanctions.

### 1. Request for Leave to File a Second Amended Complaint

Federal Rule of Civil Procedure 15(a) requires this Court to grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). However, a district court has discretion to deny leave for good reason, including "'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendments.'" Dluhos v. Floating & Abandoned Vessel Known as New York, 162 F.2d 63, 69 (2d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Although Cole did not submit a copy of his proposed Second Amended Complaint, it appears as though he wishes to add claims and parties that pertain to Defendants' submission of allegedly false and misleading letters to the Court that are unrelated to the instant action. In addition, these claims, brought almost eight months after Defendants' motion to dismiss was fully submitted, would cause undue prejudice to Defendants, compelling them to undertake the additional and considerable expense of

2

filing a second motion to dismiss. Moreover, Cole did not assert any additional facts or information which might justify his failure to seek leave to amend before the motion to dismiss was fully submitted. Given the undue prejudice to Defendants and Cole's unexcused delay in filing his motion to amend, Cole's request for leave to file a Second Amended Complaint is DENIED.

### 2. Request for Sanctions

Cole seeks sanctions against Defendants pursuant to Rule 11[1] of the Federal Rules of Civil Procedure on the ground that Defendants submitted two allegedly false and misleading letters to the Court. More specifically, Cole claims that Defendants' December 10, 2008, letter misrepresented that Cole had received his legal papers, which he claims are lost, from prison officials. In addition, Cole claims that Defendants' February

---

[1] Rule 11 of the Federal Rules of Civil Procedure provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

24, 2009, letter misrepresented that Cole had refused to provide Defendants with a copy of his proposed Second Amended Complaint.

These allegations, however, are conclusory and unsubstantiated. Cole fails to demonstrate that Defendants submitted these letters for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of this litigation, or that Defendants' representations to the Court were baseless and made without reasonable factual or legal support. Therefore, the Court declines to exercise its discretion to impose the extraordinary remedy of sanctions and Cole's request is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES Cole's requests for leave to file a Second Amended Complaint and for sanctions against Defendants.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         May 29, 2009

4